NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FRANSISKA JASINTA KAPOH; RAYMOND JEANNO WAANI; et al., | No. 07-72570 |
| Petitioners, | Agency Nos. A096-163-110<br>A096-163-111<br>A096-163-112<br>A096-163-113 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Fransiska Jasinta Kapoh and her husband and children, natives and citizens

of Indonesia, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), we deny the petition for review.

Petitioners do not raise any arguments in their opening brief regarding the agency's dispositive determination that their asylum claim was time-barred. *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived). Accordingly, we deny the petition with respect to their asylum claim.

Kapoh claims she was persecuted in Indonesia based on the stoning of her home during the May 1998 riots. Substantial evidence supports the agency's finding that Kapoh failed to establish she suffered harm that rose to the level of past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). In addition, even as a member of a disfavored group, Kapoh did not demonstrate the requisite individualized risk of persecution to establish a clear probability of future persecution. *See id*. at 1184-85; *Wakkary*, 558 F.3d at 1066 ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail[.]"). Accordingly, substantial evidence supports the agency's denial of withholding of removal.

07-72570

Substantial evidence also supports the agency's denial of CAT relief because Kapoh failed to establish that it is more likely than not she will be tortured in Indonesia. *See Wakkary v. Holder*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**

07-72570